## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
CPE SA, a foreign company        )
organized under the laws of the  )
sovereign nation of Switzerland, )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 09 C 3611
                                 )
WILTON INDUSTRIES, INC.,         )
an Illinois corporation,         )
                                 )
          Defendant.             )
```

**MEMORANDUM OPINION**

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

**BACKGROUND**

This is a diversity action brought by plaintiff CPE SA ("CPE"), a Swiss company, against defendant Wilton Industries, Inc. ("Wilton"), an Illinois corporation. The complaint contains a single count for fraudulent inducement in connection with an agreement(the "License Agreement") between the parties granting Wilton an exclusive license to manufacture, market, and sell CPE's BookIt product, a digital scrapbook kit, in North America. CPE alleges that Wilton made misrepresentations to CPE with the intent to induce CPE to enter into the License Agreement and then to keep

BookIt out of the market because it would compete with a major product line of a company by which Wilton was in the process of being acquired. CPE seeks damages in excess of $75,000 as well as punitive damages and reasonable attorney's fees and costs. Wilton moves to dismiss the complaint.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. Id. The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating a motion to dismiss a complaint, we must accept as true all factual

allegations in the complaint, but not its legal conclusions. Id. at 1949-50.

Because CPE alleges fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply here. Rule 9(b) requires plaintiffs to plead with particularity the factual bases for averments of fraud, including "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Hefferman v. Bass, 467 F.3d 596, 601 (7th Cir. 2006); see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) (stating that the plaintiff must plead the who, what, when, where, and how of the alleged fraud).

To state a fraudulent inducement claim, CPE must allege that (1) Wilton made a false statement of material fact; (2) Wilton knew that the statement was false; (3) the statement was intended to induce CPE's reliance; (4) the statement induced CPE's reasonable reliance; and (5) the statement caused damage to CPE. See J.C. Whitney & Co. v. Renaissance Software Corp., No. 99 C 3714, 2000 WL 556610, at *8 (N.D. Ill. Apr. 19, 2000), adopted in part on relevant grounds and modified in part on other grounds, 98 F. Supp. 2d 981 (N.D. Ill. 2000).

Wilton first argues that CPE's claim must be dismissed because CPE has failed to plead misrepresentations with sufficient particularity.[1] CPE alleges that during the ten months of negotiations preceding the execution of the License Agreement, Wilton made misrepresentations to CPE and its agent that (1) "Wilton intended to diligently market BookIt in North American markets to maximize BookIt's consumer potential in those markets after the License Agreement was signed"; and (2) "Wilton would purchase the existing inventory and the website already developed for BookIt after the License Agreement was signed." (Compl. ¶ 46.) In paragraphs 20 through 32 of the complaint, CPE describes the protracted contract negotiations. But nowhere does CPE allege a misrepresentation concerning marketing, purchasing inventory, or purchasing the website with the particularity required by Rule 9(b). Rather, CPE sets forth a series of statements by its agent urging Wilton to purchase existing BookIt inventory, in addition to a few noncommittal responses by Wilton. What is actually alleged in the complaint is that CPE hoped, and possibly assumed, that Wilton would purchase the BookIt inventory, but CPE does not allege with the requisite particularity that Wilton made any misrepresentations.

---

[1] In the "background" section of its brief in support of the motion to dismiss, Wilton presents certain facts that go beyond what is alleged in the complaint (although Wilton purports to cite to the complaint). That is improper argument on a Rule 12(b)(6) motion, and we have disregarded those facts and any argument based on them.

Another problem is that the nature of CPE's claim is promissory fraud, but a scheme to defraud is not adequately alleged. Promissory fraud, which involves false statements of intent regarding future conduct, is not actionable under Illinois law unless the plaintiff alleges that the statements were part of a scheme to defraud.[2] Association Benefit Servs., Inc. v. Caremark Rx, Inc., 493 F.3d 841, 853 (7th Cir. 2007). "The scheme exception applies where a party makes a promise of performance, not intending to keep the promise but intending for another party to rely on it, and where the other party relies on it to his detriment." Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992) (internal quotation marks omitted). On the distinction between a mere promissory fraud and a scheme of promissory fraud, the Seventh Circuit has observed:

> The distinction certainly is unsatisfactory, but it reflects an understandable ambivalence, albeit one shared by few other states, about allowing suits to be based on nothing more than an allegation of a fraudulent promise. There is a risk of turning every breach of contract suit into a fraud suit, of circumventing the limitation that the doctrine of consideration is supposed however ineptly to place on making all promises legally enforceable, and of thwarting the rule that denies the award of punitive damages for breach of contract. A great many promises belong to the realm of puffery, bragging, "mere words," and casual bonhomie, rather than to that of serious commitment. They are not intended to and ordinarily do not induce reliance; a healthy skepticism is a better protection against being fooled by them than the costly remedies of the law. In any event it is not our proper role as a federal court in a diversity suit to read "scheme" out of Illinois law; we must give it some meaning. Our best interpretation is that promissory

---

[2] The parties agree that Illinois law applies.

> fraud is actionable only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy.

Desnick v. American Broad. Cos., 44 F.3d 1345, 1354 (7th Cir. 1995). CPE fails to allege that at the time Wilton made the alleged promises, it did not have the intent to keep them; it merely alleges that Wilton did not intend to keep them "[b]efore and when entering into the License Agreement." (Compl. ¶ 44.) CPE also has failed to allege even one fraudulent act with specificity, much less a larger pattern of deceptions that satisfies the "deliberately high" burden on a plaintiff claiming promissory fraud. See Bower, 978 F.2d at 1012. Furthermore, CPE fails to allege one of the basic elements of fraud: causation. Nowhere in the complaint is it alleged that any misrepresentation by Wilton caused damage to CPE.

We reject, however, Wilton's contentions that CPE has failed to allege reasonable reliance on the purported misrepresentations concerning the purchase of inventory because any such statements were contradicted by the subsequent License Agreement and because the License Agreement contained an integration clause. It is true that a party cannot claim that it reasonably relied on precontractual representations if it could have discovered the fraud by reading the contract. See Regensburger v. China Adoption Consultants, Ltd., 138 F.3d 1201, 1207 (7th Cir. 1998) ("A party

who could have discovered the fraud by reading the contract, and in fact had an opportunity to do so, cannot later be heard to complain that the contractual terms bind her."); Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc., 250 F.3d 570, 574-75 (7th Cir. 2001) ("As long as the complaining party could have discovered the fraud by reading the contract and had the opportunity to do so, Illinois courts have refused to extend the doctrine of fraudulent inducement to invalidate contracts"). But reliance on precontractual fraudulent statements is precluded as unreasonable only where a contract "flatly" contradicts them. J.C. Whitney, 2000 WL 556610, at *10. Wilton invokes the following language of the License Agreement:

> Notwithstanding the . . . grant of exclusive rights to Wilton in the Territory, CPE shall be permitted to market and sell its inventory of the Product as in existence on the date hereof within the Territory until such inventory of Product is sold. CPE represents it has approximately 6,000 units of the Product in stock on the date hereof.

(Compl., Ex. A at 2.) While this provision could be viewed as somewhat inconsistent with a promise by Wilton to purchase the inventory after the License Agreement was signed, we cannot say as a matter of law that it explicitly contradicts that promise, or in other words, that CPE would have been able to discover the alleged fraud by reading the contract provision. Furthermore, an integration clause (as opposed to an anti-reliance clause, which the License Agreement did not contain) does not bar a claim of fraud based on statements not contained in a contract. See

Vigortone AG Prods., Inc. v. PM AG Prods., Inc., 316 F.3d 641, 644-45 (7th Cir. 2002).

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the complaint is granted, and the complaint is dismissed without prejudice. CPE is given leave to file an amended complaint by March 24, 2010 that cures the deficiencies we have identified, if it can do so. If CPE chooses not to file an amended complaint by that date, the case will be dismissed with prejudice.

DATE:      March 3, 2010

ENTER:     _____
           John F. Grady, United States District Judge